UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LYN MAYLONE**,　　　　　　　　　　　Case No.: 10-15084
　　　　　　　　　　　　　　　　　　　　Hon. Patrick J. Duggan
　　　　Plaintiff,

vs.

**JABIL CIRCUIT, INC.**
　　　　Defendant.

---

| | |
|---|---|
| **GASIOREK, MORGAN, GRECO & McCAULEY, P.C.** | OGLETREE, DEAKINS, NASH, SMOAK & STEWART PLLC |
| By: Sam Morgan (P36694) | By: Michelle J. LeBeau (P51440) |
| Attorney for Plaintiff | Eric A. Mahler (P66383) |
| 30500 Northwestern Highway | Attorneys for Defendant |
| Suite 425 | 33 Bloomfield Hills Parkway, Suite 120 |
| Farmington Hills, Michigan 48334 | Bloomfield Hills, MI 48304 |
| (248) 865-0001 | (248) 593-6400 |
| smorgan@gmgmlaw.com | michelle.lebeau@ogletreedeakins.com |
| | eric.mahler@ogletreedeakins.com |

---

### **STIPULATED PROTECTIVE ORDER**

At a session of said Court held in the Federal Courthouse
in the City of Detroit, State of Michigan
on July 26, 2011.

PRESENT: Hon. Patrick J. Duggan
U.S. District Court Judge

The parties, through their respective counsel, hereby stipulate to the entry of this Protective Order:

**IT IS HEREBY ORDERED THAT:**

1.　This Order shall govern the use by the parties to this lawsuit and other persons or entities as provided herein, of (1) material that includes confidential business or financial information, (2) all documents containing confidential business or financial information about one or more of the parties produced by any party or person or entity not a party to this lawsuit,

including by subpoena (e.g., accountants, expert witnesses, etc.), (3) the information contained in all of the above, (4) all references in depositions to the information contained in all of the above, and (5) confidential information supplied by a party in response to interrogatories, document requests and other discovery - all of which are hereby designated as "Confidential Material."

2. A party may, as provided herein and subject to the terms and conditions herein, designate as Confidential Material any documents (and information contained therein) that it produces by marking such documents with the legend "Confidential" or "Confidential Material" at the time copies are produced to the receiving party. Any Confidential Material not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth herein shall be designated as "Confidential Material" by the producing party by informing the receiving party in writing that the information is confidential. Any document not designated as "Confidential Material" shall not be subject to this Order.

3. If any Confidential Material is disclosed at a deposition, only those persons may be present who are authorized by the terms of this Order to receive such Confidential Material. During a deposition, counsel of record for a party or witness may orally designate deposition exhibits or testimony, or any portion thereof, as Confidential Material, in which case the court reporter shall place all confidential exhibits and the transcription of the testimony or portion thereof so designated in a separate volume marked with a "Confidential" designation. The court reporter shall not furnish copies of Confidential Material or disclose its contents to any persons other than counsel of record in this action. Any Confidential Material marked as an exhibit at a deposition or hearing and any transcript references thereto shall be with a disclosure of the requirements of this Order and its application to any witnesses or other present. Any

Confidential Material attached to a transcript or given to a court reporter or other person besides counsel shall be marked and sealed in the manner prescribed herein.

4. The Confidential Material shall be used by the parties' counsel and expert witnesses solely for the purpose of preparing and conducting this lawsuit and shall not be used in any other litigation or for any other purpose whatsoever, and shall not be disclosed to anyone except:

   a. the parties,

   b. attorneys, paralegals and clerical assistants employed by counsel for the parties,

   c. representatives of any insurer of a party,

   d. expert witnesses retained by the parties,

   e. witnesses, either during depositions or in preparation for deposition or trial;

   f. court reporters and deponents who have been instructed to keep the Confidential Material confidential in accordance with the terms of this Order, and

   g. during any trial, motion practice, case evaluation, facilitation or mediation and/or appellate proceedings.

5. All persons receiving disclosure of the Confidential Material shall take all steps necessary to prevent its inadvertent disclosure to persons other than those entitled to disclosure.

6. The parties agree to return the Confidential Material, and any copy or copies of them that have been made, to the producing party's counsel upon completion of this lawsuit, upon written request of the producing party's counsel.

7. Anyone disclosing Confidential Material to any of the persons listed above, excluding expert witnesses, attorneys, paralegals and clerical assistants employed by counsel for the parties, for purposes necessary to this litigation shall require that person to execute a copy of

this Order, thereby acknowledging that such person is bound by the restrictions of this Order under penalty of contempt of Court. Such signed copies of this Order shall be maintained by disclosing counsel. All persons receiving disclosure of the Confidential Material shall take all steps necessary to prevent its inadvertent disclosure to persons other than those entitled to disclosure.

8. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that methods other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (v) a memorandum of legal authority supporting the seal. *See* Local Rule 5.3. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

9. Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the judge to whom the case is assigned or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/EF. If a motion to seal is granted, the documents to be filed under seal shall be delivered sealed to the Clerk of the Court in a 9 x 12 inch envelope, and shall not be available to public inspection. Envelopes used to seal such documents shall have the following information printed on its face: (a) the name of the court; (b) the title of the case; (c) the case number; (d) the name of the document; (e) the attorney's name, address, and the party he or she represents; and (f) the following language: "FILED UNDER

SEAL PURSUANT TO A PROTECTIVE ORDER." A copy of the Order authorizing filing under seal shall also be attached to the outside of the envelope.

      10.    If any party believes that information designated as Confidential Material is not confidential information, such party may contest the Confidential Material designation for such documents by providing counsel with written notice as to the specific information being challenged, together with a copy of each document containing such information. Upon such a challenge, the parties shall make a good faith attempt to resolve the challenge. In the event the parties cannot resolve the disagreement, the contesting party may move for an order removing the "confidential" designation from such document(s). The party asserting confidentiality shall have the burden of establishing why the information should be deemed Confidential Material.

      11.    Nothing in this Order shall require production of information which the parties or any non-party contend is protected from disclosure by the attorney-client privilege or work product immunity. In addition, the inadvertent disclosure or production by any party of any document protected by the attorney-client or other privilege or by the attorney work product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection. If a party has inadvertently produced to the other party information subject to a claim of privilege or immunity, the other party upon request shall promptly return the information for which a claim of inadvertent production is made. The party returning such information may then move the Court for an order compelling production of such information, but said party shall not assert that inadvertent production constitutes a waiver. Either party, upon receipt of material or information which, on its face, reasonably appears to fall within the scope of the attorney client privilege must immediately contact the other party and identify the material or information.

12. The terms of this Protective Order shall govern the Confidential Material unless modified by written agreement of all of the parties or by further order of the Court.

13. This Order shall not be deemed a waiver of (i) either party's right to object to any discovery request on any ground, (ii) either party's right to request an order compelling discovery with respect to any discovery requests, (iii) either party's right to a proceeding or hearing to object to the admission of any evidence on any ground, or (iv) either party's right to use any material at trial.

14. Any person who disseminates Confidential Material in violation of this Order shall be subject to sanctions as determined by the Court.

15. The Court shall retain jurisdiction to enforce the terms of this Order following termination of this action.

**SO ORDERED.**

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: July 26, 2011
I hereby certify that a copy of the foregoing document was served upon counsel of record on Tuesday, July 26, 2011, by electronic and or ordinary mail.

s/Marilyn Orem
Case Manager

APPROVED AS TO FORM AND CONTENT:

| s/Sam Morgan   w/permission | s/Michelle J. LeBeau |
|---|---|
| SAM MORGAN (P36694) | MICHELLE J. LEBEAU (P51440) |
| Gasiorek, Morgan, Greco | Ogletree, Deakins, Nash, Smoak & Stewart PLLC |
| & McCauley, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | |